UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LISA FRENCH,

*Plaintiff*,

--against--

ALBANY MEDICAL CENTER,

*Defendant*.
-------------------------------------------------------------------X

**COMPLAINT
AND JURY DEMAND**

1:22-cv-252 (MAD/DJS)
Civil No. _____

Plaintiff, LISA FRENCH, by and through her attorney, LINDY KORN, ESQ., hereby complains of the Defendant, ALBANY MEDICAL CENTER, upon information and belief, as follows:

## NATURE OF THE CLAIMS

Plaintiff seeks the appropriate remedies and damages for discriminatory treatment based on religion, race and retaliation in violation of New York Executive Law §296 and Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based upon Plaintiff's residency in Saratoga County, Defendant is located in the County of Albany, and a substantial

part of the acts or omissions giving rise to the Plaintiff's claims occurred in the County of Albany.

## THE PARTIES

3.  At all times, Plaintiff, LISA FRENCH ("Plaintiff"), is a resident of the State of New York, Saratoga County.

4.  At all times, Defendant ALBANY MEDICAL CENTER is an independent medical center and is located at 43 New Scotland Avenue, Albany, New York 12208.

## FACTUAL ALLEGATIONS

1.  Until November 20, 2019 Ms. French was an employee of Defendant.

2.  Ms. French is female.

3.  Ms. French is American Indian and Israelite.

4.  The Plaintiff worked as a Utilization Review Nurse at Albany Medical Center (AMC) from October 2018 until November 2019.

5.  Ms. French's main duties as a Utilization Review "UR" Nurse involved using a computer to obtain patient data for insurance payment purposes.

6.  Ms. French used a laptop securely attached to a mobile platform or a mobile workstation to perform her duties.

7.  Ms. French did not have any hands-on patient contact while performing the UR work.

8.  AMC approved a work schedule for Ms. French to observe religious holy days from October 2018 until November 2019.

9.  AMC requires employees to receive an influenza vaccine.

10. AMC granted a religious exemption for Ms. French to wear a mask during the 2018 influenza season.

11. Ms. French requested exemption based on religious beliefs again in 2019.

12. Ms. French requested the ability to wear a mask as reasonable accommodation her claim of exemption.

13. This request was denied.

14. Ms. French was suspended from work because of her religious objection.

15. Defendant terminated Ms. French's employment.

16. Defendant terminated Ms. French because she was absent from work due to Defendant's refusal of a reasonable accommodation based on Ms. French's religious beliefs.

17. Therefore, Defendant terminated Ms. French because of her religion and sincerely-held beliefs.

18. But for her religion, Ms. French would not have been suspended from work, and therefore would not have been terminated.

19. Defendant's termination, refusal of accommodation without an interactive process, of Ms. French was unlawful.

20. AMC further refused to "eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion" as suggested by the EEOC.

**FIRST CAUSE OF ACTION:**
**Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended**

5. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

6. Defendant's actions were willful and not done in good faith.

7. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

8. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION:**
**Retaliation Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended**

9. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

10. Defendant's actions were willful and not done in good faith.

11. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

12. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**INJURY AND DAMAGES**

13. As a result of the acts and conduct complained herein, Plaintiff has suffered and will continue to suffer the loss of her career and the loss of a salary, longevity pay, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

a. Declaring that the Defendant engaged in unlawful employment practice prohibited by the New York Executive Law and Title VII of the Civil Rights Act of 1964, as amended, and that the Defendant discriminated against the Plaintiff on the basis of her religion, race and retaliation;

b. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action;

e. Awarding Plaintiff such other and further relief that this Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined at trial plus interest, punitive damages, attorney's fees, costs, and disbursement of action, and for other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.


Dated: March 15, 2022

Respectfully Submitted,
Plaintiff
By Her Attorney


  /s/  **Lindy Korn**
LINDY KORN, ESQ.
Attorney for Plaintiff
Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor
535 Washington Street
Buffalo, New York 14203
716-856-5676
716-507-8475 (facsimile)
E-Mail: lkorn@lkorn-law.com